**United States District Court**
**Northern District of Texas**
**Office of the Clerk**

ORIGINAL

*1100 Commerce Room 14A20*
*Dallas, Texas 75242-1003*

September 27, 2005

05-[illegible]

**DENISE PAGE HOOD**

**FILED**

OCT - 4 2005

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

David J. Weaver, Clerk of Court
Theodore Levin United States Courthouse
231 W. Lafayette Blvd.
Detroit, Michigan 48226

SUBJECT: 3:05-CR-239-M USA v. Makki, et al (Tarek Makki/Dft. 1)

Dear Clerk:

MAGISTRATE JUDGE MONA K. MAJZO[UB]

The following documents are enclosed herewith pursuant to Rule 20 of the Federal Rules of Criminal Procedure:

Certified copies of the Information, Waiver of Indictment, Consent to Transfer of Case, and Docket Sheet

Please acknowledge receipt of the above file on the enclosed copy of this letter.

Sincerely,
KAREN MITCHELL
*Clerk of Court*

By: Nicole Phillips

Nicole Phillips
*Deputy Clerk*

Enclosures
Copy to Pre-Trial and AUSA

M/BH

COPY

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 19 2005

CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 TAREK MAKKI,

        Defendant.

NO. 3-05 CR-0239 M

HON.

## CONSENT TO TRANSFER OF CASE
## FOR GUILTY PLEA AND SENTENCE

I, TAREK MAKKI, have been informed that an Information is pending against me in the above-captioned case. Pursuant to Rule 20(a) of the Federal Rules of Criminal Procedure, I state that I wish to plead guilty to the offense(s) charged, to consent to the disposition of the case in the EASTERN DISTRICT OF

Certified a true copy of an instrument on file in my office on September 27, 2005
Clerk, U.S. District Court,
Northern District of Texas
By _____, Deputy

MICHIGAN, in Detroit, Michgian, in which I, TAREK MAKKI, am present, and to waive venue, trial, judgment, and sentencing in the Northern District of Texas.

TAREK MAKKI
Defendant

JAMES C. THOMAS
Attorney for Defendant

Date: 8/29/05

**APPROVED**

STEPHEN J. MURPHY
United States Attorney
Eastern District of Michigan

Date: 9/14/05

RICHARD ROPER
United States Attorney
Northern District of Texas

Date: 9/6/05

RAMIREZ

# U.S. District Court
## Northern District of Texas (Dallas)
### CRIMINAL DOCKET FOR CASE #: 3:05-cr-00239-1
#### Internal Use Only

Case title: USA v. Makki et al

Date Filed: 09/19/2005

Assigned to: Judge Barbara M. G. Lynn

### Defendant

**Tarek Makki** (1)
*TERMINATED: 09/27/2005*

represented by **James C Thomas**
Law Office of James C Thomas
535 Griswold St
2632 Buhl Bldg
Detroit, MI 48226
313/963-2420
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

None

### Disposition

### Highest Offense Level (Opening)

None

### Terminated Counts

18 U.S.C. 1623 FALSE
DECLARATION BEFORE A COURT
(1)

### Disposition

Rule 20 Transfer to the Eastern District
of Michigan, Detroit Division

### Highest Offense Level (Terminated)

Felony

### Complaints

None

### Disposition

Certified a true copy of an instrument
on file in my office on September 27, 2005
Clerk, U.S. District Court,
Northern District of Texas

_____ Deputy

**Plaintiff**

USA             represented by **Joseph M Revesz**
US Attorney's Office - Dallas
1100 Commerce St
3rd Floor
Dallas, TX 75242
214/659-8664
Fax: 214/659-8803 FAX
Email: joe.revesz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2005 | 1 | FELONY INFORMATION as to Tarek Makki (1) count 1, Adham Mackie (2) count 2, Ali Makki (3) count 3. (nap, ) (Entered: 09/20/2005) |
| 09/19/2005 |  | ***Magistrate Judge Irma C. Ramirez chosen by random selection to handle matters that may be referred in case as to Tarek Makki, Adham Mackie, Ali Makki (nap, ) (Entered: 09/20/2005) |
| 09/19/2005 | 2 | WAIVER OF INDICTMENT by Tarek Makki (nap, ) (Entered: 09/20/2005) |
| 09/19/2005 | 5 | CONSENT to Transfer of Case for Guilty Plea and Sentence as to Tarek Makki (nap, ) (Entered: 09/20/2005) |
| 09/27/2005 | 8 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Eastern District of Michigan, Detroit Division. Counts closed as to Tarek Makki (1) Count 1. (nap, ) (Entered: 09/27/2005) |

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| THE UNITED STATES OF AMERICA | § |
| v. | § No. 3-05CR-0239M |
| TAREK MAKKI (1)<br>ADHAM MACKIE (2)<br>ALI MAKKI (3) | § |

## INFORMATION

The United States Attorney Charges:

### Introduction

1. From on or about May 25, 1999, and continuing thereafter up to and including at least November 16, 2001, a civil action, styled: *Bollore, S.A. v. Import Warehouse Inc., et al.*, No. 3:99-CV-1196-R, was pending in the United States District Court for Northern District of Texas, Dallas Division, in which Bolloré, S.A., a French corporation, sued, among others, defendants, **Tarek Makki** and **Adham Mackie,** and in which civil action defendant **Ali Makki** later became a witness. Said civil action is summarized, in pertinent part, as follows:

   a. Bolloré, S.A.(hereafter referred to as "Bolloré") was a manufacturer of specialty paper, including cigarette paper.

   b. During 1999, Bolloré initiated the aforementioned civil action (hereafter referred to as "Lawsuit") against the defendants **Tarek Makki, Adham Mackie,** and others for, *inter alia*, trademark counterfeiting, in violation of to the Lanham Act, 15 U.S.C. § 1116.

   c. The Lawsuit alleged that the defendants, **Tarek Makki, Adham Mackie** and others, engaged in the manufacture, importation, distribution, sale and offering for sale counterfeit Zig-Zag® brand cigarette paper products (hereafter referred to as "Zig Zag Products").

   d. The Zig Zag Products, at issue in the Lawsuit, were sold under the registered United States trademarks "Zig Zag" and "Smoking Man

Information - Page 1

Certified a true copy of an instrument on file in my office on September 27, 2005
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

    Design," as well as United States registered copyrights for the design on the Zig Zag Products' booklets.

  e. On July 29, 1999, the presiding judge in the Lawsuit, entered an order preliminarily enjoining all of the defendants in the case from, *inter alia*, importing, distributing or selling infringing Zig Zag Products in the United States (hereafter referred to as the "Order").

  f. Subsequent to the Order, several of the defendants settled with Bolloré, leaving only four defendants in the Lawsuit, including **Tarek Makki** and **Adham Mackie**.

  g. Defendants **Tarek Makki** and **Adham Mackie**, ignored the Order and continued their part in the manufacture of counterfeit booklets, cartons and shipping cases in Jakarta, Indonesia and the re-packaging of bulk paper into counterfeit packaging for shipment into the United States for distribution.

  h. On May 11, 2001, as a result of the aforementioned continued trademark counterfeiting activity, the presiding judge entered an order setting a hearing to determine whether or not **Tarek Makki** and **Adham Mackie** were in contempt of the Order.

  i. On November 16, 2001, as a result of the aforementioned contempt hearing, which took place in Dallas, Texas on May 19, 2001, the presiding judge entered an ORDER OF CONTEMPT finding and concluding, in pertinent part, that the defendants, **Tarek Makki** and **Adham Mackie**, their agents, officers, employees, representatives, successors and assigns, and all other persons, firms or corporations acting in concert, privity or participation with them were in civil contempt of the Order

2. It was the burden of Bolloré during the aforementioned contempt hearing, to establish that the defendants therein were in civil contempt of the Order.

3. In order for Bolloré to satisfy its burden of proof, it was material to said contempt hearing that Bolloré establish that defendants, **Tarek Makki** and **Adham Mackie**, continued to be involved with the distribution of counterfeit Zig Zag Products, in this case, the manufacture of booklets, cartons and shipping cases in Jakarta, Indonesia, and the re-packaging of bulk paper into counterfeit packaging and the shipment of said products to the United States for distribution therein .

<u>Count One</u>
False Declaration Before a Court
(Violation of 18 U.S.C. § 1623)

1. The United States Attorney herein realleges and incorporates by reference the allegations contained in the Introduction to this information as if fully set forth.

2. On or about May 29, 2001, in the Dallas Division of the Northern District of Texas, defendant, **Tarek Makki**, while under oath as a witness in a hearing then being held before the United States District Court for the said district entitled, *Bollore, S.A., v. Import Warehouse Inc., et al.*, Civil Action No. 3:99-CV-1196-R, did knowingly make false material declarations, that is to say:

   a. defendant, **Tarek Makki** while under oath, did knowingly declare in testimony before said court, with respect to the aforesaid material matters, substantially as follows:

      i.   Q. You worked in the importation and exportation of Zig-Zag cigarette papers as well, didn't you?
           A. Not to the States.

      ii.  Q. Not to the States?
           A. Yes.

      iii. Q. Your next paragraph in your declaration, which is Exhibit 2, you say, I am in compliance with the order.
           A. Correct.

      iv.  Q. What do you mean by that?
           A. Well, I meant that when I signed the declaration I was -- order (sic) not to import any Bollore product to the United States.

Information - Page 3

      v.    Q.    And you haven't done that since --

           A.    Correct.

      vi.    Q.    -- June of 1999?

           A.    Since the restraining order.

      vii.    Q.    And, in fact, you testified early (sic), I think, that you're not importing or exporting anything into the United States right now, correct?

           A.    Correct. I haven't done so.

b.    The aforesaid testimony of defendant, **Tarek Makki**, as he then and there well knew and believed, was false, and he did knowingly make false material declarations in his answers to questions numbered: i, ii, iii, iv, v, vi, and vii above, in that he then and there well knew when he gave said answers to said questions that he had continued to participate in the manufacture counterfeit Zig Zag Products, including booklets, cartons and shipping cases, in Jakarta, Indonesia and to re-packaging of bulk paper into counterfeit Zig Zag Products packaging and shipment of said products into the United States for distribution therein, in knowing violation of the July 29, 1999 Order of the Honorable Jerry Buchmeyer, United States District Judge.

In violation of 18 U.S.C. § 1623.

<u>Count Two</u>
False Declaration Before a Court
(Violation of 18 U.S.C. § 1623)

1. The United States Attorney herein realleges and incorporates by reference the allegations contained in the Introduction to this information as if fully set forth.

2. On or about May 29, 2001, in the Dallas Division of the Northern District of Texas, defendant, **Adham Mackie**, while under oath as a witness in a hearing then being held before the United States District Court for the said district entitled, *Bollore, S.A., v. Import Warehouse Inc., et al.*, Civil Action No. 3:99-CV-1196-R, did knowingly make false material declarations, that is to say:

   a. defendant, **Adham Mackie**, while under oath, did knowingly declare in testimony before said court, with respect to the aforesaid material matters, substantially as follows:

   i. Q. Have you, yourself, had any involvement in the distributing, manufacturing or selling Zig-Zag cigarette paper product since July 29 of 1999?

   A. Absolutely not.

   ii. Q. Have you ever had anybody on your behalf manufacture, distribute or sell Zig-Zag cigarette paper product since July 29 of 1999?

   A. Absolutely not.

   iii. Q. Haven't sold it, haven't touch (sic) it, haven't moved it; correct?

   A. You're right.

Information - Page 5

b.  The aforesaid testimony of defendant, **Adham Mackie**, as he then and there well knew and believed, was false, and that he did knowingly make false material declarations in his answers to questions numbered: i, ii, and iii above; in that he then and there well knew as to said answers to said questions that he had continued to participate in the manufacture counterfeit Zig Zag Products, including booklets, cartons and shipping cases, in Jakarta, Indonesia and to re-packaging of bulk paper into counterfeit Zig Zag Products packaging and shipment of said products into the United States for distribution therein, in knowing violation of the July 29, 1999 Order of the Honorable Jerry Buchmeyer, United States District Judge

In violation of 18 U.S.C. § 1623.

## Count Three
### False Declaration Before a Court
(Violation of 18 U.S.C. § 1623)

1. The United States Attorney herein realleges and incorporates by reference the allegations contained in the Introduction to this information as if fully set forth.

2. On or about May 29, 2001, in the Dallas Division of the Northern District of Texas, defendant, **Ali Makki**, while under oath as a witness in a hearing then being held before the United States District Court for the said district entitled, *Bollore, S.A., v. Import Warehouse Inc., et al.*, Civil Action No. 3:99-CV-1196-R, did knowingly make false material declarations, that is to say:

   a. defendant, **Ali Makki**, while under oath, did knowingly declare in testimony before said court, with respect to the aforesaid material matters, substantially as follows:

   i. Q. And do you any work (sic) for a company called General Imports?

   A. Yes, that's my company.

   ***

   ii. Q. Did Tarek Makki know that you and your company, General Imports, were doing business in Bollore Zig-Zag goods?

   A. No.

   ***

   iii. Q Did Tarek Makki or Joe Makki assist you or General Imports in any way whatsoever in your purchase and distribution of Bollore Zig-Zag goods in Michigan?

Information - Page 7

    A.   No, they didn't.

b. The aforesaid testimony of defendant, **Ali Makki**, as he then and there well knew and believed, was false, and that he did knowingly make false material declarations in his answers to questions i, ii, and iii above, in that he then and there well knew that he had been directed and assisted by defendants, **Tarek Makki and Adham Mackie**, in the purchase and distribution in Michigan of counterfeit Zig Zag Products through his company, General Imports, in violation of the July 29, 1999 Order of the Honorable Jerry Buchmeyer, United States District Judge.

 In violation of 18 U.S.C. § 1623.

RICHARD B. ROPER
UNITED STATES ATTORNEY

*(signature)*

JOSEPH M. REVESZ
Assistant United States Attorney
State Bar of Texas No. 16792700
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8664
Facsimile: 214.659.8803

Information - Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. _____ |
| § | 3-05CR-0239M |
| TAREK MAKKI (1) § | |

## WAIVER OF INDICTMENT

**Tarek Makki**, defendant, who is accused of violating 18 U.S.C. § 1623, in that:

On or about May 29, 2001, in the Dallas Division of the Northern District of Texas, defendant, **Tarek Makki**, while under oath as a witness in a hearing then being held before the United States District Court for the said district styled: *Bollore, S.A., v. Import Warehouse Inc., et al.*, Civil Action No. 3:99-CV-1196-R, did knowingly make false material declarations, as charged in Count One.

**Tarek Makki**, being advised of the nature of the charges and of his rights, hereby waives prosecution by indictment and consents that the proceeding may be by information

SIGNED THIS _____ day of ____August____, 2005.

_____
TAREK MAKKI
Defendant

_____
JAMES C. THOMAS
Attorney for Defendant
Michigan Bar #P23801
535 Griswold Street
2632 Buhl Building
Detroit, MI 48226
Tel. 313.963.2420

Certified a true copy of an instrument on file in my office on September 27, 2005
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy